IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JUNE 11, 2008

## CARL ROSS v. TENNESSEE DEPARTMENT OF CORRECTION

Direct Appeal from the Chancery Court for Lauderdale County
No. 13785     William C. Cole, Chancellor

———————————

No. W2008-00422-COA-R3-CV  - Filed October 30, 2008

———————————

In this appeal, we are asked to determine whether the chancery court erred in finding that the West Tennessee State Penitentiary Disciplinary Board acted within its jurisdiction and did not act illegally, arbitrarily or fraudulently and substantially complied with its policies and procedures in dismissing Appellant's claims that: (1) the Board deviated from TDOC Policy No. 502.01(VI)(E)(4)(a) by failing to dismiss one of the charges against Appellant; (2) the Board deviated from TDOC Policy 502.01(VI)(E)(3)(c)(6) and (VI)(E)(3)(d)(1)-(4) by failing to call Officer Hankins; (3) the Board deviated from TDOC Policy 502.01(VI)(E)(3)(e) by failing to independently assess and verify the reliability of the confidential informant; (4) the Board deviated from TDOC policy 502.01(VI)(E)(3)(i)(1) by finding Appellant guilty of possession of a controlled substance without any evidence; and (5) the Board deviated from TDOC Policy (VI)(E)(3)(k)(5) by failing to provide detailed reasons for its decisions and failing to summarize the evidence which led to the Board finding Appellant guilty.  We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Carl Ross, Mountain City, TN, *pro se*

Robert C. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Kellena Baker, Assistant Attorney General, Nashville, TN, for Appellee

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

Carl Ross ("Appellant") is an inmate in the custody of the Tennessee Department of Correction ("TDOC" or "Appellee"). At all times relevant to this appeal, Appellant was housed at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, operated by Appellee, serving a maximum sentence of 192 years for a variety of criminal convictions. On April 23, 2007, Appellant received two disciplinary charges: (1) incident number 00696413, for possession of a controlled substance, marijuana, in violation of Tennessee Code Annotated section 39-17-417, and (2) incident number 00696416, for introduction of contraband into a penal facility, in violation of Tennessee Code Annotated section 39-16-201. The charges stemmed from an April 21, 2007 visit with Renee Wimbley in which Ms. Wimbley allegedly "introduced drugs into the facility and passed them to [Appellant.]"

On May 1, 2007, WTSP conducted a disciplinary hearing concerning each charge. The WTSP Disciplinary Board ("Board") found Appellant guilty of both violations of state law. For each conviction, Appellant received a $5.00 fine and twenty days punitive segregation.[1] Additionally, for introducing contraband into a penal facility, Appellant received six months package restriction, six months visitation suspension, and was recommended to three months of intensive counseling. Appellant's appeals to the WTSP Warden and the TDOC Commissioner were denied. On July 18, 2007, Appellant filed a Petition for Writ of Common Law Certiorari, alleging that Appellee committed multiple violations of its Uniform Disciplinary Procedures.[2] After Appellee filed a Notice of No Opposition to Granting Petition for Writ of Certiorari, the trial court entered an Order granting certiorari on August 21, 2007, and Appellee filed a certified copy of the disciplinary proceedings concerning Appellant's convictions on September 28, 2007. Appellee then filed a Motion for Judgment on the Record and Appellant filed a Motion for Judgment on the Pleading. On February 1, 2008, the trial court entered an Order of Dismissal, finding "that the Board acted within its jurisdiction, did not act illegally, arbitrarily or fraudulently, [that] the Board substantially complied with its policies and procedures and [that] there [was] material evidence to support the Board's findings." This appeal followed.

## II. ISSUES PRESENTED

---

[1] However, according to Appellee's Brief, Appellant served only a total of twenty days in punitive segregation beginning May 1, 2007.

[2] The Tennessee Department of Correction's Uniform Disciplinary Procedures were amended, effective October 1, 2007. However, we refer to the version effective June 14, 2004, which was in place at the time of the incident.

Appellant has timely filed his notice of appeal and presents the following issues for review:[3]

1. Whether the Board deviated from TDOC Policy 502.01 (VI)(E)(4)(a) by failing to dismiss one of the charges because the charges were exactly similar;
2. Whether the Board deviated from TDOC Policy 502.01 (VI)(E)(3)(c)(6) and (VI)(E)(3)(d)(1) -(4) by failing to call Officer Hankins as a witness, as was requested by Appellant;
3. Whether the Board deviated from TDOC Policy 502.01(VI)(E)(3)(e) by failing to independently assess and verify the reliability of the confidential informant;
4. Whether the Board deviated from TDOC Policy 502.01 (VI)(E)(3)(i)(1) by finding Appellant guilty of possession of a controlled substance which was unsupported by any evidence;
5. Whether the Board deviated from established disciplinary procedures by to failing to provide detailed reasons for its decisions and failing to summarize the evidence which led to the decision to find him guilty of the two charges of violating state law.

Additionally, Appellee presents the following issue for review:

6. Whether the trial court correctly concluded that the West Tennessee State Penitentiary Disciplinary Board did not act illegally, arbitrarily, capriciously, or outside the scope of its jurisdiction.

For the following reasons, we affirm the decision of the chancery court.

## III. STANDARD OF REVIEW

"The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals." *Jackson v. Tenn. Dep't of Corr.*, No. W2005-02240-COA-R3-CV, 2006 WL 1547859, at *3 (Tenn. Ct. App. June 8, 2006) (citing *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1988)). The issuance of a writ of common-law certiorari is not an adjudication of anything. *Keen v. Tenn. Dep't of Corr.*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *2 (Tenn. Ct. App. Feb. 25, 2008) (citing *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003)). Instead, it is "simply an order to the lower tribunal to file the complete record of its proceedings so the trial court can determine whether the petitioner is entitled to relief." *Id.* (citing *Hawkins v. Tenn. Dep't of Corr.*, 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002); *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001)). "Review under a writ of certiorari is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently." *Jackson*, 2006 WL 1547859, at *3 (citing *McCallen v. City*

---

[3] The "Statement of the Issues" section of Appellant's Appellate Brief lists as the single issue, "Whether the trial court erred in holding that the prison disciplinary board's violations of Uniform Disciplinary Procedures were minor deviations and did not result in prejudice, affecting the disposition of the case?" However, Appellant's "Statement of the Facts" describes five issues before this Court. We perceive the issue presented under the "Statement of the Issue" to be the same as the fifth issue described in the "Statement of the Facts." Thus, we believe Appellant has raised five issues before this Court.

*of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990)). "The reviewing court is not empowered 'to inquire into the intrinsic correctness of the board's decision.'" ***Gordon v. Tenn. Dep't of Corr.***, No. M2006-01273-COA-R3-CV, 2007 WL 2200277, at \*2 (Tenn. Ct. App. July 30, 2007) (quoting *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003)). Our Supreme Court has held that a common-law writ of certiorari may be used to remedy: "(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." ***Gordon***, 2007 WL 2200277, at \*2 (citing *Willis*, 113 S.W.3d at 712). The reviewing court does not weigh the evidence, but must uphold the lower tribunal's decision if the lower tribunal "acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the [tribunal's] findings." ***Jackson***, 2006 WL 1547859, at \*3 (citing *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980); *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983)). "A board's determination is arbitrary and void if it is unsupported by any material evidence." ***Gordon***, 2007 WL 2200277, at \*2 (citing *Watts*, 606 S.W.2d 274, 276-77 (Tenn. 1980)). Whether there existed material evidence to support the board's decision is a question of law which should be determined by the reviewing court based on the evidence submitted. ***Id.*** (citing *Watts*, 606 S.W.2d at 277).

This Court must review a trial court's conclusions of matters of law *de novo* with no presumption of correctness. ***Gordon***, 2007 WL 2200277, at \*2 (citing Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000)). Because our review of the board's determination "is no broader or more comprehensive than that of the trial court with respect to evidence presented before the [b]oard[,]" ***Id.*** (citing ***Watts***, 606 S.W.2d at 277), this Court "will not 'inquire into the intrinsic correctness of the [b]oard's decision,' but will uphold the decision if it was reached lawfully and in a constitutional manner." ***Id.*** (quoting *Hopkins v. Tenn. Bd. of Paroles and Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001)).

## IV. DISCUSSION

### A. *Two Charges*

First, Appellant asserts that the Board deviated from TDOC Policy 502.01 (VI)(E)(4)(a) by failing to dismiss one of the charges against Appellant, as the two charges were "exactly similar."[4] TDOC Policy 50.01 (VI)(E)(4)(a) provides that, "It is permissible to find an inmate guilty of two (2) charges that are separate and distinct, but occurring in the same incident (e.g., an "assault" charge which occurred while the inmate was also guilty of a charge of "being out of place")." In support of his argument that the two charges were "exactly similar," Appellant points out that both charges' disciplinary reports used similar language to describe the incident. Likewise, Appellant notes that

---

[4] In his Reply Brief, Appellant argues that both charges, possession of a controlled substance and introduction of contraband into a penal facility, should be dismissed and that Appellant should have been properly charged with "conspiracy to violate state law." Because Appellant did not raise this issue before the trial court, we will not now address it. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991).

identical language was used in both charges' Contemporaneous Record of Confidential Informant Reliability forms to describe the confidential information provided to the Board.

In *Keen v. Tennessee Department of Correction*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *3 (Tenn. Ct. App. Feb. 25, 2008), we held that the charges of possession of a deadly weapon and attempted assault were "separate and distinct." In so finding, we noted that the former charge was based on appellant's "physical possession" of the deadly weapons, while the latter was premised on "the placement of those items in a way that was allegedly calculated to injure" persons. *Id.* Likewise, in this case, we find that the charge of possession of a controlled substance was based on Appellant's "possession" of marijuana, and that the charge of introducing contraband into a penal facility was based upon Appellant "[k]nowingly and with unlawful intent[,] tak[ing], send[ing] or otherwise caus[ing] to be taken into a[] penal institution . . . [a] controlled substance." **Tenn. Code Ann. § 39-16-201**. Accordingly, we find that Appellant was convicted of "separate and distinct" charges as allowed under TDOC Policy 502.01(VI)(E)(4)(a).

### B.    Officer Hankins

Next, Appellant contends that the Board deviated from TDOC Policy 502.01(VI)(E)(3)(c)(6) and (VI)(E)(3)(d)(1)-(4) by failing to call Officer Hankins as a witness, when, according to Appellant, he would have testified that "[Appellant] did not enter the search room [where the marijuana was found] without being escorted by an officer." These provisions provide:

> If the inmate pleads "not guilty[,]" he/she shall be permitted  . . . to present the testimony of relevant witness(es), unless allowing a witness to appear would pose a threat to institutional safety or order.

**TDOC Policy 502.01(VI)(E)(3)(c)(6).**
> The board/hearing officer shall record on a Disciplinary Continuation, CR-1831, specific reason(s) for not permitting the attendance of a witness requested by an inmate.
>
> (1)    An inmate who wishes to have witness(es) (inmate or staff) present to testify on his/her behalf at the hearing shall complete an Inmate Witness Request, CR-3511, and submit it to the chairperson/hearing officer at least twenty-four (24) hours prior to the hearing. The chairperson/hearing officer shall indicate on the form whether the inmate's request has been approved or denied and, if a requested witness is denied, the specific reason(s) for not permitting the attendance of the witness requested by an inmate.
>
> (2)    If an inmate fails to request a witness on CR-3511 prior to the hearing, the chairperson/hearing officer may still allow the witness to testify. Factors to be considered in making such a

decision include the witness, the nature of the witness' testimony and how difficult it would be to obtain the witness' testimony.

(3)     An inmate may submit a written witness statement when the personal appearance of a witness has been denied.

(4)     When a witness cannot be physically present at a hearing, the chairperson/hearing officer may allow his/her testimony to be given by telephone, provided a speaker telephone is used so that all persons participating in the hearing can hear the testimony.

**TDOC Policy 502.01(VI)(E)(3)(d)(1)-(4)**.

Appellant admits that he did not comply with TDOC Policy 502.01(VI)(E)(3)(d)(1)'s requirement that he complete a CR-3511 witness request form. However, Appellant contends that he was unable to do so, as he was being held in segregation, and his inmate advisor, from whom such forms must be requested, did not "come to see [him] until moments prior to the hearing." From the record, it appears that Appellant's inmate advisor, in the hearing on the charge of possession of a controlled substance, asked to call Officer Hankins as a witness. However, Officer Hankins was not available to testify because he was working a different shift. Despite his failure to complete a CR-3511 form, Appellant maintains that pursuant to TDOC Policy 502.01(VI)(E)(3)(d)(4), the hearing officer should have attempted to contact Officer Hankins by telephone. Furthermore, Appellant argues that the hearing officer, under TDOC Policy 502.02(VI)(E)(3)(f),[5] should have continued the hearing until a time when Officer Hankins was available.

We find no merit in Appellant's arguments. TDOC Policy 502.01(VI)(E)(3)(d)(1) provides that inmates who "wish[] to have witness(es) (inmate or staff) present to testify on his/her behalf at the hearing *shall* complete an Inmate Witness Request, CR-3511[.]" (emphasis added). However, when inmates fail to do so, as is the case here, TDOC Policy 502.01(VI)(E)(3)(d)(2) provides that "the chairperson/hearing officer *may* still allow the witness to testify." Thus, it is within the chairperson's discretion to allow testimony when a CR-3511 form has not been completed. Furthermore, we find that the hearing officer was under no affirmative duty to contact Officer Hankins by telephone or continue the hearing until Officer Hankins was available, especially absent a request by Appellant that such measures be taken. Likewise, Appellant failed to submit a written witness statement, which was available to him under TDOC Policy 502.01 (VI)(E)(3)(c)(6)(3).

---

[5]     TDOC Policy 502.01(VI)(E)(3)(f) states: "At any time during the formal disciplinary process, the disciplinary hearing officer/chairperson . . . may order the hearing continued. In this instance, the affected inmate or his/her advisor shall be notified of the continuance and the reason(s) documented on the hearing summary."

### C.    *Confidential Informant*

Appellant next argues "that the Board deviated from TDOC Policy 502.01(VI)(E)(3)(e) by failing to independently a[ss]ess and verify the reliability of the confidential informant." TDOC Policy 502.01(VI)(E)(3)(e) provides:

> When the disciplinary hearing officer/chairperson determines that he/she should receive testimony from a confidential source whose identity cannot be disclosed due to fear of reprisals, it shall be the disciplinary hearing officer's/chairperson's responsibility to independently access [sic] and verify the reliability of the informant's testimony and/or the confidential security sensitive evidence. Where the reliability of the confidential informant and/or the evidence of security sensitive nature has not been independently verified, such testimony or evidence shall not be considered by the disciplinary board/hearing officer in the disposition of the disciplinary charge(s). Whenever confidential information or confidential security sensitive evidence is utilized by the disciplinary hearing officer/chairperson as a basis for its decision, the TDOC Contemporaneous Record of Confidential Informant Reliability, CR-3510, shall be completed to document the factual basis for the disciplinary hearing officer's/chairperson's finding that the informant and/or security sensitive evidence was reliable. . . . This form shall be considered confidential and kept as a non-public access record in an area designated by the Warden.[6]

In support of his argument, Appellant points to the Contemporaneous Record of Confidential Informant Reliability (CR-3510) forms which read, in part:

> The confidential witness provided the board with the following information:
>
> On April 21, 2007, inmate Ross #107545 received a visit from Renee Wimbley. Information was received the week prior that Ms. Wimbley was bringing in contraband (drugs) []to inmate Ross and that drugs had been being passed off and placed in the coats in the search room and picked up after the visits were over. During the visit, inmate Ross stepped into the shakedown where the coats were located and quickly stepped back out and signaled to the visitation officer that he was ready to be searched. The visitation officer immediately entered the search room and checked the coats. A black

---

[6] This language reflects the May 15, 2006 amendment to TDOC Policy 502.02(VI)(E)(3)(e).

package was retrieved and opened.  It contained approximately 4.0 oz. of a green leafy substance which field tested positive for Marijuana.  Ms. Wimbley introduced the contraband (drugs) into the facility and passed it to I/M Ross.  He was in possession of the drugs long enough to place them into a coat hanging in the search room. Officer Hankins had conducted a search of the room inmate Ross had entered just minutes prior to his entry and no other person was observed in the room.  Inmate Ross was charged with introduction of contraband into a penal facility: TCA 39-16-201.

The reliability of the informant was verified in the following manner:

            Corroborating testimony from witness at hearing.

  X    Sworn statement before the board by the investigating officer.

Teresa  Edwards,  Corporal         That  he  /  she  believes  the confidential  informant  (s)  information  to  be  reliable  because  the particular  informant  (s)  has  /  have  proved  reliable  in  specific  past instances.

   X    Sworn statement before the board by investigating officer.

Teresa  Edwards,  Corporal         that  he  /  she  believes  that confidential  informant  (s)  information  to  be  reliable  because  it  has been independently corroborated on specific material points.

         Firsthand knowledge of the source (s) of the information  and  knowledge  of  their  reliability  based  upon  the informant (s) past record of reliability.

First, Appellant points to the detailed description of the information provided to the Board by the confidential informant and contends that an inmate confidential informant could not have provided all of the information listed.  Thus, he argues that either two documents should have been prepared–one containing the information acquired by the informant and one "detailing the facts gathered from the officers and from watching the tape from the camera located in the visiting gallery"–or that the confidential informant was an employee, rather than an inmate, which Appellant claims is not allowed.

Second, Appellant claims that the Board violated TDOC Policy 502.01(VI)(E)(3)(e) because the Board chairperson did not complete the CR-3510 form and because Corporal Teresa Edwards, rather than the confidential informant, himself, presented the confidential information to the Board. Appellant argues that "[b]y the chairperson accepting the inmate confidential witness' statement as recorded on CR-3510, without separating the factual observations alleged as having been gathered from the officers working in the visiting gallery, [Appellee departed] from the Department Uniform Disciplinary Procedures."

We find Appellant's claim that the Board failed to independently assess and verify the reliability of the confidential informant without merit. First, that the CR-3510 forms contained surplus language styled as "provided" by the "confidential witness," does not evidence a deviation from procedure. By signing the CR-3510 form, the Board chairperson effectively showed that the informant's reliability was verified by sworn statements by Corporal Teresa Edwards that she believed the confidential informant's information reliable because "the particular informant . . . had proved reliable in specific past instances[, and] because [the information] had been independently corroborated on specific material points." Furthermore, even if we found the superfluous language was a deviation from policy, it in no way prejudiced Appellant, such that dismissal of the disciplinary offense is required. *See Jeffries v. Tenn. Dep't of Corr.*, 108 S.W.3d 862, 873 (Tenn. Ct. App. 2002) ("Not every departure from the Uniform Disciplinary Procedures amounts to a due process violation warranting relief through a writ of common-law certiorari. Tenn. Dep't Corr. Policy No. 502.01(V) itself provides that 'minor deviations' from the procedures that do not prejudice the prisoner do not require dismissal of the disciplinary offense. To trigger judicial relief, a departure from the Uniform Disciplinary Procedures must effectively deny the prisoner a fair hearing."). Next, we find no support for Appellant's arguments that an employee cannot act as a confidential informant, that the board chairperson must complete the CR-3510 form, and that the confidential informant, himself, must testify before the disciplinary board. *See Harmer v. Tenn. Dep't of Corr.*, No. E2006-00333-COA-R3-CV, 2006 WL 1864017, at \*3 (Tenn. Ct. App. July 6, 2006). Thus, we find that the trial court was correct in its determination that the Board chairperson did verify the reliability of the confidential informant as required by the Uniform Disciplinary Procedures.

### D. No Evidence Presented

The fourth issue raised by Appellant is whether the "Board deviated from TDOC Policy 502.01(VI)(E)(3)(i)(1)[7] by finding [A]ppellant guilty of possession of [a] controlled substance which

---

[7] TDOC Policy 502.01(VI)(E)(3)(i)(1) provides:

(continued...)

was unsupported by any evidence." To lend aid to this argument, Appellant points out that the Disciplinary Continuation form (CR-1831) for the charge of introduction of contraband into a penal facility states that "confidential information [was] presented to [the] [B]oard[,]" while the form for the charge of possession of a controlled substance does not contain such language. While it is true that the Disciplinary Continuation form for the possession of a controlled substance charge does not state that confidential information was presented to the Board, it does not follow that "no evidence" was presented to support the Board's finding.

"[T]he Uniform Disciplinary Procedures differ in some significant ways from the procedures that bind our criminal courts, proceedings which may result in the initial loss of freedom. For example, guilt of a disciplinary infraction does not have to be proven beyond a reasonable doubt, but only by a preponderance of the evidence." **Keen**, 2008 WL 539059, at *5 (citation omitted). Furthermore, a disciplinary board may "consider any evidence it finds reliable, whether or not such evidence would be admissible in a court of law." **Id.** (citation omitted). As we noted above, this Court may not reweigh the evidence, "but must affirm the Board's decision if there is any material evidence to support it." **Pirtle v. Tenn. Dep't of Corr.**, No. W2006-01220-COA-R3-CV, 2007 WL 241027, at *5, (Tenn. Ct. App. Jan. 30, 2007) (citing *Watts*, 606 S.W.2d at 276-77).

At Appellant's hearing on the charge of possession of a controlled substance, Appellant's inmate advisor asked the reporting official, Corporal Teresa Edwards, whether Appellant possessed the marijuana. Corporal Edwards responded that Appellant had, in fact, possessed the controlled substance "at one time." Furthermore, the Contemporaneous Record of Confidential Informant Reliability (CR-3510) concerning the possession of a controlled substance charge states that the board was presented with the following information:

> On April 21, 2007, inmate Ross #107545 received a visit from Renee Wimbley. Information was received the week prior that Ms. Wimbley was brining in contraband (drugs) into inmate Ross and that drugs had been being passed off and placed in the coats in the search room and picked up after the visits were over. During the visit, inmate Ross stepped into the shakedown where the coats were located

---

[7](...continued)

> At the conclusion of the hearing, the disciplinary hearing officer/chairperson . . . shall review and consider findings in the case. The disciplinary hearing officer/chairperson shall base the decision solely on the information obtained during the hearing process, including staff reports, the statements of the inmate charged as well as his/her advisor, and any other evidence derived from witnesses and documents.
>
> (1)    The inmate is presumed innocent and the case against him/her must be proved by a preponderance of the evidence.

and quickly stepped back out and signaled to the visitation officer that he was ready to be searched. The visitation officer immediately entered the search room and checked the coats. A black package was retrieved and opened. It contained approximately 4.0 oz. of a green leafy substance which field tested positive for Marijuana. Ms. Wimbley introduced the contraband (drugs) into the facility and passed it to I/M Ross. He was in possession of the drugs long enough to place them into a coat hanging in the search room. Officer Hankins had conducted a search of the room inmate Ross had entered just minutes prior to his entry and no other person was observed in the room. Inmate Ross was charged with introduction of contraband into a penal facility: TCA 39-16-201.

Thus, we find Appellant's assertion that he was convicted without "any evidence" without merit.

### E.    Summary of Evidence

Finally, Appellant argues that "the Board deviated from established disciplinary procedures in regard to failing to provide detailed reasons for its decisions and failing to summarize the evidence which led to the decision to find him guilty of the two charges of violating state law." TDOC Policy 502.01 (VI)(E)(3)(k)(5) requires that within five working days after the disciplinary hearing, the board chairperson/hearing officer render a CR-1834 form "[s]tating detailed reasons for the board's/hearing officer's . . . decision and summarizing the evidence which led to such decision." In this case, the Disciplinary Report Hearing Summary (CR-1834) forms for both charges listed under "findings of fact and specific evidence relied upon to support those findings" and "disposition and a statement of reasons which supports that decision" the blanket statement "preponderance of evidence."

The trial court, in finding that the Board "did not act illegally, arbitrarily, or fraudulently," noted that although the CR-1834 forms did not list the findings of fact, the confidential informant's statement did provide a factual basis for the Board's decision. Furthermore, it cited TDOC Policy No. 502.01(V), which provides that "'minor deviations' from the procedures that do not prejudice the prisoner do not require dismissal of the disciplinary offense. To trigger judicial relief, a departure from the Uniform Disciplinary Procedures must effectively deny the prisoner a fair hearing." *Jeffries*, 108 S.W.3d at 873. Although the trial court found that Appellant "was [not] denied a fair hearing by [the] omission[,]" the court noted that "[t]he better practice would be for the hearing officer to state specific findings of fact that support the Board's decision."

Appellant is correct in his assertion that this Court, in *Ivy v. Tennessee Department of Correction*, No. M2001-01219-COA-R3-CV, 2003 WL 22383613, at *5 n.7 (Tenn. Ct. App. Oct.

20, 2003), noted that stating on a CR-1834 form that the Board "relied upon the 'Testimony of Reporting Official & Witness'" did not comply with TDOC Policy No. 502.02(VI)(E)([3])(k)(5). However, in that case, we did not determine whether such non-compliance constituted a "minor deviation" or a substantial departure effectively denying the prisoner a fair hearing. ***Id.*** Here, we agree with the trial court and find that the failure to comply with TDOC Policy No. 502.02(VI)(E)(3)(k)(5) was merely a "minor deviation" from procedure that did not prejudice Appellant. We base this finding on the fact that both CR-1834 forms, along with the blanket statement "preponderance of evidence[,]" cited forms CR-3510, to which Appellant was privy. The CR-3510 forms for both charges included the information provided by the confidential informant and also stated that the informant's reliability had been verified because the informant had proved reliable in the past and because the information had been independently corroborated on specific material points. Because Appellant was afforded the "detailed reasons for the board's/hearing officer's . . . decision" and a "summary of the evidence which led to such decision," we find that the failure to specifically include such information on the CR-1834 form, rather than the CR-3510 form, did not prejudice the Appellant such that a dismissal of the charges is warranted.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. Costs of this appeal are taxed to Appellant, Carl Ross, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.

-12-