Jeffrey ROBINSON,
Petitioner/Appellant,

v.

Charles TRAUGHBER, et al.,
Respondents/Appellees.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Sept. 29, 1999.

Permission to Appeal Denied by
Supreme Court Feb. 7, 2000.

Jeffrey Robinson, Only, pro se.

Paul G. Summers, Attorney General and Reporter, Abigail Turner, Assistant Attorney General, Nashville, for Respondents/Appellees.

## OPINION

BEN H. CANTRELL, Presiding Judge, M.S.

A prisoner filed a petition for writ of certiorari, claiming that the Board of Paroles had acted arbitrarily and illegally in denying him parole. The trial court dismissed the petition for failure to state a claim for which relief could be granted. We affirm the trial court.

### I.

On November 10, 1988, Jeffrey Robinson was convicted of armed robbery and

aggravated kidnapping in the Criminal Court of Davidson County. He was sentenced to thirty years for those offenses, to be served concurrently with an earlier twenty year sentence he had received for two counts of armed robbery in Williamson County. On November 24, 1997, he appeared for a hearing before the Board of Paroles. He was denied parole on the grounds of the seriousness of his offenses, with his next parole hearing deferred for five years.

On March 3, 1998, Mr. Robinson filed a pro se petition for writ of certiorari in the Chancery Court of Davidson County, claiming that the Chairman of the Parole Board had abused his authority and had acted illegally, fraudulently, and arbitrarily in denying him parole. The proceedings were stayed pending the exhaustion of his administrative appeals, but were reinstated after a final rejection of his claims by the Board of Paroles.

Mr. Robinson's petition contained a long list of quotes or near-quotes from a number of different jurisdictions, most of which criticized the actions of parole boards in those jurisdictions. There was no discussion as to how the actions of those boards related to the actions of the defendants in this case. Exhibits attached to the petition included a table of offense classifications with the average time served for each offense, and a copy of a letter Mr. Robinson wrote to the victims of his crime, apologizing for his actions and asking for their forgiveness.

The defendant filed a motion for a more definite statement. Mr. Robinson responded that he didn't understand how much more definite he had to be, and insisted that he was simply notifying the trial court of the unfairness of the Parole Board, and stated that "Petitioner for the lack of a better term, is being 'PERSECUTED' by the Board of Paroles."

On its own motion, the trial court dismissed the petition for failure to state a claim. Mr. Robinson subsequently filed a motion to alter or amend the judgment.

Attached to the motion was an affidavit, in which the appellant stated for the first time that two Davidson County police officers whom he had never seen before appeared at his parole hearing, and perjured themselves by testifying that the amount of money and property involved in the case was seven and a half times greater than it actually was. The motion was denied. This appeal followed.

## II.  Seriousness of the Offense

■ In considering parole for prisoners, the Parole Board is considered to be exercising a judicial function which is not reviewable if done in accordance with the law. Tenn.Code.Ann. § 40–28–115(c). However, a limited form of review is available under the writ of certiorari to determine whether the Board has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily. *Powell v. Parole Eligibility Review Board,* 879 S.W.2d 871, 873 (Tenn.App.1994).

■ Though other jurisdictions may hold otherwise, seriousness of offense is a valid ground for denying parole in Tennessee. *Arnold v. Board of Paroles,* 956 S.W.2d 478 (Tenn.1997). Mr. Robinson claims on appeal, however, that the Parole Board acted illegally and/or fraudulently by denying him parole on that basis, because the Board accepted erroneous testimony as to just how serious his offense was. He relies upon the case of *Monroe v. Thigpen,* 932 F.2d 1437 (11th Cir.1991), for the proposition that a parole determination based upon erroneous or inaccurate information violates due process.

In that case, the State of Alabama refused to change the security classification of convicted murderer Carl Monroe, because of information found in that prisoner's file that was admittedly false. The District Court ruled that Mr. Monroe failed to state a cause of action, since the decision would probably have been the same even if the erroneous information had not been in his file. The Eleventh

Circuit U.S. Court of Appeals reversed the District Court, and ordered the Alabama Board to expunge the false information from Mr. Monroe's file, because its presence prevented him from receiving fair consideration for parole and for minimum security status.

The Court was careful to distinguish the *Monroe* case, *supra*, where the information used by prison authorities was admittedly false, from its earlier decision in the case of *Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940 (1982). In the *Slocum* case, the Court stated that prisoners cannot prevail on a due process claim by merely asserting that erroneous information may have been used during parole consideration. While neither of the above decisions is binding on this court, they do provide some useful parameters for us to consider in ruling on cases like the petitioner's.

■ We note that when deciding upon paroles, the Board is permitted to consider "observations concerning the suitability of releasing the inmate on parole from court officials, law enforcement officials, and other interested community members." Tenn. Rules & Regs 1100-1-1-.06(2)(c). The testimony of a law enforcement officer before the Parole Board must be deemed to be under oath. *See* Tenn.Code.Ann. § 40-28-106(a)(1). Of course, the making of a false statement under oath with intent to deceive constitutes perjury, a criminal offense. Tenn.Code.Ann. § 39-16-702.

The appellant does not explain why he did not bring up the allegedly false testimony until after his petition was dismissed, or why he did not attempt to refute the testimony by urging the panel to examine the record to learn the truth about his offense. We suspect, however, that the presence of the two officers speaking against parole carried more weight with the Board than any testimony they offered about the amount of money involved in the case, especially in light of the fact that Mr. Robinson's offenses included aggravated kidnapping, and not only armed robbery.

■ The writ of certiorari is an extraordinary remedy whose issuance is within the discretion of the trial court. It is not available as a matter of right. *See Clark v. Metro Government of Nashville*, 827 S.W.2d 312, 316 (Tenn.App.1991). This court will not reverse a denial of the writ unless the trial court has clearly abused its discretion. Under the circumstances of the present case, we do not believe the trial court abused its discretion in declining to issue the writ.

### III. The Petitioner's Institutional Record

■ Mr. Robinson alleges that he has already served more than the average amount of time for prisoners charged with similar offenses, and that the Board ignored its own guidelines in denying him parole. He further claims to have an unblemished institutional record, and that he completed his G.E.D. and many additional courses while incarcerated. In view of the obvious difficulties of prison life, these would have to be considered remarkable achievements. Mr. Robinson also claims to have the absolute support of his family, and a viable plan for parole.

■ There is no doubt that the Board should take all these factors into account when *making parole determinations*, see Tenn. Rules & Regs 1100-1-1-.06(1). But by themselves they are not conclusive, for the Board must also consider "the nature of the crime and its severity." Tenn. Rules & Regs 1100-1-1-.06(1)(a). A prisoner has no absolute right to be released on parole, even though he has a clean conduct record, and has served the minimum term for his offense. *Graham v. State*, 202 Tenn. 423, 304 S.W.2d 622 (1957).

■ In the final analysis, Mr. Robinson is not challenging the legality of the Board's decision, but its intrinsic correctness. That question is beyond the scope

of review under the common law writ of certiorari. *Powell v. Parole Eligibility Review Board,* 879 S.W.2d 871 (Tenn.App. 1994). It follows that the trial court did not err in declining to issue the writ.

## IV.

The order of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

WILLIAM C. KOCH, Jr., Judge, and WILLIAM B. CAIN, Judge, concur.