IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2001

## LARRY W. HOPKINS v. TENNESSEE BOARD
## OF PAROLES AND PROBATION

**Appeal from the Chancery Court for Davidson County**
**No. 00-281-II    Ellen Hobbs Lyle, Chancellor**

---

### No. M2000-01956-COA-R3-CV

---

This appeal involves a prisoner's efforts to be paroled from his sentence for aggravated rape. After the Tennessee Board of Paroles declined for the sixth time to parole him, the prisoner filed a petition for common-law writ of certiorari in the Chancery Court challenging the Board's latest decision and the procedure used to reach it. The trial court dismissed the petition for failure to state a claim upon which relief could be granted, and the prisoner has appealed. We affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ. , joined.

Larry W. Hopkins, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Arthur Crownover, II, Senior Counsel, Nashville, Tennessee, for the appellee, Tennessee Board of Paroles and Probation.

### OPINION

Larry W. Hopkins was convicted of aggravated rape in Shelby County and is currently incarcerated at the Hardeman County Correctional Facility in Whiteville. His sentence will expire in 2015. During his almost twenty years of incarceration, Mr. Hopkins has been considered for parole on numerous occasions, but the Tennessee Board of Paroles ("Board") has declined to parole him each time.

After the Board declined to parole him in March 1998, Mr. Hopkins filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County challenging the Board's

decision on the ground that it was based on a misinterpretation of an August 1997 psychological examination. In March 1999, the Board agreed to provide Mr. Hopkins with another hearing, and on April 19, 1999, the trial court granted the Department's motion to dismiss Mr. Hopkins's petition because it was moot.

Mr. Hopkins participated in another parole hearing on May 27, 1999. The hearing was conducted by two members of the Board, one of whom had conducted the March 1998 hearing. The Board formally notified Mr. Hopkins on June 9, 1999, that it had again declined to parole him. In its formal notice, the Board stated that its decision was based on the seriousness of Mr. Hopkins's offense and on its conclusion that paroling Mr. Hopkins "would have a substantially adverse effect on institutional discipline." The Board also informed Mr. Hopkins that he would not be considered for parole again until 2005.

After exhausting his appellate remedies before the full Board,[1] Mr. Hopkins filed another petition for common-law writ of certiorari in the Chancery Court of Davidson County. Mr. Hopkins took issue in this petition with the Board's procedures, as well as the substance of its decision, and alleged that the Board was discriminating against him because it had paroled prisoners who had committed more serious offenses and who had worse institutional records. The Board responded with a Tenn. R. Civ. P. 12.02(6) motion to dismiss the petition on the ground that the petition failed to state a claim upon which relief could be granted. On June 30, 2000, the trial court entered an order dismissing Mr. Hopkins's petition. Thereafter, Mr. Hopkins filed a timely notice of appeal.

**I.**

Prisoners do not have an absolute right to be released from confinement prior to the expiration of their sentence. *Graham v. State*, 202 Tenn. 423, 426, 304 S.W.2d 622, 623-24 (1957); *Robinson v. Traughber*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999); *Tarpley v. Traughber*, 944 S.W.2d 394, 395 (Tenn. Ct. App. 1996). Thus, parole is a privilege and not a right. Tenn. Code Ann. §§ 40-28-117(a), 40-35-503(b) (1997); *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 482 (Tenn. 1997). Whether a prisoner should be granted parole is a decision entrusted to the Board, not the courts. *State ex. rel. Ivey v. Meadows*, 216 Tenn. 678, 685, 393 S.W.2d 744, 747 (1965); *Rucker v. State*, 556 S.W.2d 774, 776 (Tenn. Crim. App. 1977).

Persons dissatisfied with the Board's decisions may obtain judicial review using a petition for common-law writ of certiorari. This petition limits the scope of review to a determination of whether the Board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Turner v. Tennessee Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999); *South v. Tennessee Bd. of Paroles*, 946 S.W.2d 310, 311 (Tenn. Ct. App. 1996); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). The petition does not empower the courts to inquire into the intrinsic correctness of the Board's decision. *Robinson v. Traughber*, 13 S.W.3d at 364; *Turner*

---

[1] The Board denied Mr. Hopkins' request for an appeal on December 9, 1999.

*v. Tennessee Bd. of Paroles*, 993 S.W.2d at 80. Thus, the courts will not use the common-law writ to grant relief when the Board's decision was arrived at in a constitutional and lawful manner. Tenn. Code Ann. § 40-28-115(c) (1997); *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d at 480; *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d at 873.

## II.

Mr. Hopkins has five complaints regarding the Board's hearing procedure and decision. They are the typical complaints made by disappointed prisoners after they are not paroled, and, like the trial court, we have encountered them before. First, Mr. Hopkins asserts that the Board's procedure was flawed because the Board member who presided at the March 1998 hearing participated in the May 27, 1999 hearing. He claims that the Board member's participation in the May 1999 hearing violated Tenn. Code Ann. § 40-28-105(d)(6) (1999)[2] relating to the appellate review of decisions to deny, revoke, or rescind parole. This statute is inapplicable in this case, however, because the May 1999 hearing was not an appellate review hearing by the Board, but rather an initial hearing that took the place of the March 1998 hearing.

Mr. Hopkins also asserts that one of the Board members who conducted the May 1999 hearing was intimidating, hostile, and rude to one of Mr. Hopkins's guests. Specifically, Mr. Hopkins asserts that the Board member's question, "Now do you think you had a fair hearing?" reflects that the questioner "had it in for [him] from the beginning of the hearing to the end." Demeanor is a subjective thing that cannot be meaningfully reviewed in the absence of a transcript of the proceedings. While hostility could theoretically rise to the level of unconstitutional bias, a decision to deny parole will not be undermined because a Board member was unsympathetic, hostile, or even rude, as long as the Board's decision has factual and legal support. The Board's decision has just such support in this case, and accordingly we will inquire no further into its intrinsic correctness.

Mr. Hopkins maintains that the Board acted arbitrarily and fraudulently by declining to parole him because he has an outstanding institutional record and because the Board has paroled other prisoners with more serious criminal and institutional records. Prisoners are not entitled to parole simply because they have a good institutional record. *Graham v. State*, 202 Tenn. at 426, 304 S.W.2d at 623; *Robinson v. Traughber*, 13 S.W.3d at 364. The record before us belies Mr. Hopkins's assertion that his institutional record is outstanding. He admits to four minor disciplinary infractions during the last ten years, and he had a positive drug screen in January 1999. Parole decisions are fact-intensive and focus on the individual prisoner seeking parole. The Board determined that paroling Mr. Hopkins would substantially affect institutional discipline. We will inquire no further into the intrinsic correctness of this decision.

---

[2]This provision is currently codified as amended at Tenn. Code Ann. § 40-28-105(d)(11) (Supp. 2000).

Mr. Hopkins argues that the Board acted impermissibly by denying him parole because of the seriousness of his offense and because of the effect that granting him parole might have on institutional discipline. These reasons for denying parole are based on Tenn. Code Ann. § 40-35-503(b)(2), (3) (1997). The courts have held repeatedly that the Board may consider the seriousness of a prisoner's offense when making parole decisions. *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d at 482; *Robinson v. Traughber*, 13 S.W.3d at 363; *Boyd v. Tennessee Bd. of Paroles*, No. M1998-00914-COA-R3-CV, 2001 WL 360702, at *2 (Tenn. Ct. App. Apr. 12, 2001) (No Tenn. R. App. P. 11 application filed). In addition, we have upheld decisions denying parole based on the Board's concern regarding the adverse effect parole would have on institutional discipline. *Perry v. Tennessee Bd. of Paroles*, No. M1998-01018-COA-R3-CV, 2001 WL 46990, at * 1 (Tenn. Ct. App. Jan. 22, 2001) (No Tenn. R. App. P. 11 application filed). Accordingly, the basis for the Board's decision to deny Mr. Hopkins parole does not reflect arbitrary or illegal action on behalf of the Board.

Finally, Mr. Hopkins argues that the Board erred by failing to provide him with an adequate statement of the evidence that the Board relied on in making its decision. This argument fails, like the others, because the Board gave two adequate, legally-supported justifications for denying Mr. Hopkins parole, namely the severity of his offense and the risk of adverse effects on institutional discipline. No more definite statement was required.

## III.

We affirm the dismissal of Mr. Hopkins's petition and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Larry W. Hopkins for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE