IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2011

## ANDREW J. BRADEN, III v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 10-002C      Jeffrey S. Bivins, Chancellor**

---

**No. M2010-01958-COA-R3-CV - Filed June 23, 2011**

---

This case stems from a disciplinary action taken against a prisoner, Andrew J. Braden, III ("Braden"), by the Tennessee Department of Correction ("TDOC"). Braden filed a petition for writ of certiorari in the Chancery Court for Hickman County ("the Trial Court"). The Trial Court denied the requested relief and dismissed the petition for writ of certiorari. Braden appeals, arguing that (1) the disciplinary board denied him his due process rights by appointing him an advisor who was unfamiliar with disciplinary policy and procedures, and (2) that substantial deviations from TDOC policy deprived Braden of a fair hearing. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Andrew J. Braden, III, pro se appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and David S. Sadlow, Assistant Attorney General; for the appellee, Tennessee Department of Correction.[1]

---

[1]The petition for writ of certiorari in this case originally included as respondents Commissioner George Little, Sergeant Mark Turney, Warden James Fortner, Sergeant Nicky Jordan, Robert Prewett, Phyllis Taylor, Ricky Brake, and Unnamed Senior Security Officer.

# OPINION

## Background

Braden, a prisoner, was cited for a class A infraction for coercion of a witness on October 2, 2009. Allegedly, Braden, with assistance from another inmate, coerced inmate Jason Mikula into retracting a prior statement implicating Braden in a separate matter that is not the subject of this appeal. Braden's matter was continued on October 5, 2009 for a "staff adv." Braden's matter was continued for a second time on October 12, 2009 because of "inmate request for witness." On October 19, 2009, at a disciplinary hearing, Braden was convicted of coercion of a witness. Braden was fined five dollars ($5.00), deprived of ninety (90) Prisoner Sentence Reduction Credits, and sentenced to twenty (20) days of punitive segregation. Braden appealed his conviction to the prison warden. The warden sustained the conviction. Braden then appealed his conviction to the Commissioner. The Commissioner sustained the conviction. Braden subsequently filed his Petition for Common Law Writ of Certiorari in the Trial Court.

On August 24, 2010, the Trial Court entered a detailed order, finding and holding:

> This cause came to be heard without oral argument upon the motion for judgment on the record, and accompanying memorandum of law filed by the Respondents, Tennessee Department of Correction (TDOC), Commissioner Gayle Ray, Sergeant Mark Turney, Warden James Fortner, Sergeant Nicky Jordan, Robert Prewett, Phyllis Taylor, Ricky Brake and Unnamed Senior Security Officer, through the Office of Attorney General for the State of Tennessee and the undersigned Assistant Attorney General. The Court interprets the Respondent's motion as a request that the Court rule on the merits of the Petition. Accordingly, the Court has carefully considered the pleadings and the certified record in this cause in making its decision in this matter.
>
> The Petitioner was convicted of a Class A infraction for coercion of a witness. Specifically, the Petitioner was convicted of the offense after it was determined that the Petitioner collaborated with another inmate to coerce a fellow inmate into retracting his prior statement to officials implicating the Petitioner in a conspiracy to violate state law in an underlying action in which the Petitioner was convicted for being a part of a group of inmates who stole and then disbursed commissary goods from the prison commissary to other inmates, a process which should have been completed by prison staff. The

Petitioner was convicted of the disciplinary offense after he coerced a fellow inmate into issuing a new, sworn affidavit which denied the Petitioner's involvement in the conspiracy, and contradicted his prior statements to correctional officers. The Petitioner received a $5.00 fine, 20 days in Punitive Segregation and a loss of 90 days Prisoner Sentence Reduction Credits (PSRCs).

The Respondents filed a motion for judgment on the record, along with the certified record, and an accompanying memorandum of law demonstrating that the Petitioner did not receive an illegal sentence, as alleged, and further, that the disciplinary board complied with the limited due process rights accorded an inmate such as the Petitioner. The Respondents' motion, and the certified record, demonstrates that the Petitioner's conviction was supported by a preponderance of the evidence. Therefore, upon reviewing the Respondents' motion for judgment on the record, the certified record, and all pleadings in this matter, this Court finds that the Petitioner has failed to carry his burden of demonstrating that he is entitled to any relief in this matter. Therefore, the Respondents are entitled to a judgment of dismissal based upon the merits of this action.

Accordingly, it is hereby **ORDERED, ADJUDGED,** and **DECREED,** that the Petitioner be **DENIED** his requested relief and that this case be **DISMISSED**. Costs of this action are taxed to the Petitioner, Andrew Braden, for which execution may issue if necessary....

[internal footnote omitted]. Braden appeals to this Court. We affirm.

## **Discussion**

Although not stated exactly as such, Braden raises two issues on appeal: 1) whether the disciplinary board denied Braden his due process rights by appointing him an advisor who was unfamiliar with TDOC disciplinary policy and procedures; and 2) whether substantial deviations from TDOC policy deprived Braden of a fair hearing.

The standard of review in an appeal from the decision of a prison disciplinary board has been articulated by this Court:

"The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar

administrative tribunals." *Jackson v. Tenn. Dep't of Corr.*, No. W2005-02240-COA-R3-CV, 2006 WL 1547859, at *3 (Tenn. Ct. App. June 8, 2006) (citing *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1988)). The issuance of a writ of common-law certiorari is not an adjudication of anything. *Keen v. Tenn. Dep't of Corr.*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *2 (Tenn. Ct. App. Feb. 25, 2008) (citing *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003)). Instead, it is "simply an order to the lower tribunal to file the complete record of its proceedings so the trial court can determine whether the petitioner is entitled to relief." *Id.* (citing *Hawkins v. Tenn. Dep't of Corr.*, 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002); *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001)). "Review under a writ of certiorari is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently." *Jackson*, 2006 WL 1547859, at *3 (citing *McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990)). "The reviewing court is not empowered 'to inquire into the intrinsic correctness of the board's decision.' " *Gordon v. Tenn. Dep't of Corr.*, No. M2006-01273-COA-R3-CV, 2007 WL 2200277, at *2 (Tenn. Ct. App. July 30, 2007) (quoting *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003)). Our Supreme Court has held that a common-law writ of certiorari may be used to remedy: "(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." *Gordon*, 2007 WL 2200277, at *2 (citing *Willis*, 113 S.W.3d at 712). The reviewing court does not weigh the evidence, but must uphold the lower tribunal's decision if the lower tribunal "acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the [tribunal's] findings." *Jackson*, 2006 WL 1547859, at *3 (citing *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980); *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983)). "A board's determination is arbitrary and void if it is unsupported by any material evidence." *Gordon*, 2007 WL 2200277, at *2 (citing *Watts*, 606 S.W.2d 274, 276-77 (Tenn. 1980)). Whether there existed material evidence to support the board's decision is a question of law which should be determined by the reviewing court based on the evidence submitted. *Id.* (citing *Watts*, 606 S.W.2d at 277).

This Court must review a trial court's conclusions of matters of law *de novo* with no presumption of correctness. *Gordon*, 2007 WL 2200277, at *2 (citing Tenn. R.App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn.

2000)). Because our review of the board's determination "is no broader or more comprehensive than that of the trial court with respect to evidence presented before the [b]oard[,]" *Id*. (citing *Watts*, 606 S.W.2d at 277), this Court "will not 'inquire into the intrinsic correctness of the [b]oard's decision,' but will uphold the decision if it was reached lawfully and in a constitutional manner." *Id*. (quoting *Hopkins v. Tenn. Bd. of Paroles and Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001)).

*Ross v. Tenn. Dep't of Corr.*, No. W2008-00422-COA-R3-CV, 2008 WL 4756873, at **2-3 (Tenn. Ct. App. Oct. 30, 2008) *no appl. perm. appeal filed*.

We first address whether the disciplinary board denied Braden his due process rights by appointing him an advisor who, allegedly, was unfamiliar with TDOC disciplinary policy and procedures. Braden argues that his advisor, Robert Prewett ("Prewett"), failed to adequately assist him by failing to locate and interview witnesses.

The record contains a witness request form wherein Braden requests two witnesses, Jason Saunders and Harold Schaffer. Both witnesses were approved. The disciplinary report hearing summary describes Schaffer as "present" and Saunders as "via speaker phone." The hearing summary also states "yes" in response to the question "[h]as inmate or inmate advisor had adequate time to prepare defense?" Although Braden claims that he "specifically requested the attendance of Inmate Jason Mikula," he cites to no evidence in the record, witness request form or otherwise, supporting this assertion. Braden does not explain or account for why he could request Saunders and Schaffer but supposedly not Mikula or anyone else. Braden's other contentions regarding Prewett's alleged failures to act are likewise unsupported by any citation to the record. So hampered, we cannot conclude that Braden's due process rights were violated by Prewett's conduct or alleged lack of knowledge.

We next address whether substantial deviations from TDOC policy deprived Braden of a fair hearing. As this Court has stated:

The Uniform Disciplinary Procedures govern disciplinary actions in the state correctional system. These procedures are intended " '[t]o provide for the fair and impartial determination and resolution of all disciplinary charges placed against inmates.' " *Willis v. Tenn. Dep't of Corr.,* 113 S.W.3d 706, 713 (Tenn. 2003) (quoting TDOC Policy No. 502.01(II)). These procedures are "not intended to create any additional rights for inmates beyond those which are constitutionally required." TDOC Policy No. 502.01(V). Deviations from the Uniform Disciplinary Procedures will warrant dismissal of a disciplinary

offense only if "the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case." *Id*. Minor deviations do not entitle a prisoner to relief under a common-law writ of certiorari if the prisoner suffers no prejudice. *Jeffries v. Tenn. Dep't of Corr.*, 108 S.W.3d 862, 873 (Tenn. Ct. App. 2002) (citing TDOC Policy No. 502.01(V)). "To trigger judicial relief, a departure from the Uniform Disciplinary Procedures must effectively deny the prisoner a fair hearing." *Id*.

*White v. Ray*, No. W2009-01766-COA-R3-CV, 2010 WL 1711772, at *4 (Tenn. Ct. App. April 29, 2010) *no appl. perm. appeal filed*. The parties do not dispute the relevant TDOC disciplinary policies.

Braden first argues that a preponderance of the evidence does not support his conviction. Our review on common law writ of certiorari is narrow, and we will not inquire into the intrinsic correctness of the disciplinary board's decision. Rather, we determine whether the disciplinary board's decision was supported by material evidence.

The record reveals that the disciplinary board relied on "confidential information identifying I/m Braden as trying to cohearse [sic] a witness, to file false statements." Braden argues that a preponderance of the evidence did not support his conviction in this case, but that is not the correct standard on review. Material evidence supported the disciplinary board's decision, and we will not vacate it on that basis.

Braden next argues that "[t]he investigation exceeded the seven-day period without the Warden's approval...." TDOC policy provides:

> No inmate should be held for more than seven calender days pending investigation. Any delay shall be reviewed/approved/denied by the Warden or his/her designee (Commissioner's designee at privately managed facilities). The inmate shall be notified of any delay in the investigation and the expected completion date of the investigation.

TDOC Policy No. 502.01(VI)(G)(6).

It does appear that Braden was placed in segregation from the citation date of October 2, 2009 through the disciplinary hearing on October 19, 2009. TDOC Policy No. 502.01(VI)(J)(1) permits continuances of up to seven days if sought by an inmate who is the subject of the hearing or by an inmate/staff advisor. The matter was continued twice between the citation date and disciplinary hearing. On October 5, 2009, a continuance was granted for a "staff adv." On October 12, 2009, Braden successfully sought a continuance for the

purpose of requesting a witness. Braden signed both requests. Braden does not establish, nor can we discern, in any way how he was prejudiced by the length of the investigation or how the length of the investigation affected the disposition of his hearing. We are unpersuaded that the length of the investigation denied Braden a fair hearing.

Finally, Braden argues again that the seven day period of investigation was wrongly exceeded, this time relying on a separate TDOC policy, which provides: "No inmate charged with a disciplinary offense should be required to wait more than seven calender days for his/her disciplinary hearing to be held, unless the hearing is continued pursuant to Section VI.(J). Failure to comply with this provision may constitute grounds for dismissal of the pending charge." TDOC Policy No. 502.01 (VI)(A)(6)(b). Again, the record reflects that Braden's disciplinary hearing was continued twice pursuant to Section VI(J). Moreover, no evidence suggests that the extended date of the hearing deprived Braden of a fair hearing.

Nothing in the record even suggests that any of the alleged deviations from the Uniform Disciplinary Procedures in this case either substantially prejudiced Braden or affected the disposition of his case. Material evidence supported the decision of the disciplinary board, as well. Consequently, we hold that the disciplinary board did not act illegally, fraudulently or arbitrarily in its actions towards Braden. We affirm the judgment of the Trial Court.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Andrew J. Braden, III, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE