# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 22, 2015 Session

## JOSEPH BRENNAN, ET AL. v. BOARD OF PAROLE FOR THE STATE OF TENNESSEE

### Appeal from the Chancery Court for Davidson County
### No. 131171II     Carol L. McCoy, Chancellor

_____

### No. M2014-01591-COA-R3-CV – Filed October 21, 2015
_____

This appeal arises from a decision by the Tennessee Board of Parole (the "Board") to deny an inmate parole after his initial parole review hearing. In 2009, the inmate pled guilty to two counts of attempted rape of a child and two counts of incest and was sentenced to 20 years in prison with parole eligibility after serving 30% of his sentence. Apparently because of his good behavior, the Board considered the inmate for release on parole after he had served only 20% of his sentence. Without further explanation, the Board denied the inmate parole based solely on its finding that "[t]he release from custody at this time would depreciate the seriousness of the crime of which the offender stands convicted or promote disrespect of the law," and deferred review of his parole application for five years. The inmate filed a petition for common-law writ of certiorari, arguing, among other things, that the Board acted arbitrarily in denying him parole based solely on the seriousness of the crime without providing any support or explanation for its decision. The trial court affirmed the Board's decision and this appeal followed. On appeal, we conclude that the Board acted arbitrarily in deferring further review of the inmate's parole application beyond the time when he would have otherwise been parole eligible—at 30% of his 20-year sentence. Because the inmate has already served more than 30% of his 20-year sentence, we hold that he should immediately be granted a new parole hearing. We therefore vacate the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

## Tenn. R. App. P. 3 Appeal as of Right: Judgment of the Chancery Court Vacated and Remanded

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY ARMSTRONG, J., joined.

Mark C. Scruggs, Nashville, Tennessee, for the appellant, Joseph Brennan.

Jim Todd, Nashville, Tennessee, for the appellant, Jessy Brennan.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Jennifer L. Brenner, Senior Counsel, Nashville, Tennessee, for the appellee, Tennessee Board of Parole.

## OPINION

### I. BACKGROUND AND PROCEDURAL HISTORY

Joseph Brennan is an inmate in the custody of the Tennessee Department of Correction. In 2009, Mr. Brennan pled guilty to two counts of attempted rape of a child and two counts of incest. He was sentenced to 20 years in prison with parole eligibility after serving 30% of his sentence for the two convictions for attempted rape of a child. His sentences for the two convictions for incest have expired. The victim of Mr. Brennan's crimes was his adopted sister.

A parole hearing for Mr. Brennan was held on March 26, 2013 before a hearing officer appointed by the Board.[1] Eleven individuals, including the victim, appeared in support of Mr. Brennan's release at the hearing and were allowed to testify on his behalf. The hearing officer also reviewed letters from Mr. Brennan's friends and family supporting his release and the results of a psychiatric evaluation that concluded that Mr. Brennan "does not pose the likelihood of committing sexual assaults upon his release from confinement." No opposing testimony was presented. At the conclusion of the hearing, the hearing officer stated that he would recommend to the Board that Mr. Brennan be denied parole due to the seriousness of his offense and that further review of his parole application should be deferred for five years. No other explanation or basis for the decision was given by the hearing officer.

On April 3, 2013, the Board formally notified Mr. Brennan that it had adopted the recommendations of its hearing officer and denied his application for parole. In support of its decision, the Board stated in its formal notice that "[t]he release from custody at this time would depreciate the seriousness of the crime of which the offender stands convicted or

---

[1] We note that Mr. Brennan had not served 30% of his 20-year sentence on March 26, 2013. While the record does not indicate why he was granted a parole hearing at that time, counsel for the Board represented to this Court during oral argument that Mr. Brennan was considered for release after serving only 20% of his sentence as a result of good behavior while incarcerated.

promote disrespect of the law." The Board also informed Mr. Brennan that he would not be considered for parole again until March 2018.

After exhausting his remedies before the full Board,[2] Mr. Brennan filed a petition for a common-law writ of certiorari in the Chancery Court for Davidson County on August 16, 2013. Among other things, Mr. Brennan argued that the Board's decision to deny him parole based solely on the seriousness of his crime was arbitrary and capricious because there was no evidence in the record to establish that his particular case was more serious than any other case involving the same offense. Pursuant to the issuance of the writ of certiorari, Mr. Brennan's certified parole hearing record was filed in the trial court. Arguments on the petition for certiorari were heard by the trial court on June 5, 2014. On July 17, 2014, the trial court entered a final order affirming the Board's decision. The trial court concluded that Mr. Brennan failed to show that the Board's decision-making process was arbitrary or illegal because "seriousness of the offense" is a valid ground for denying parole under Tennessee Code Annotated section 40-35-503(b)(2) and because the record reflects that the Board's officer considered the testimony presented by Mr. Brennan's witnesses at his parole hearing. Mr. Brennan filed a timely notice of appeal to this Court.[3]

## II. ISSUE

Mr. Brennan raises the following primary issue on appeal, as we have restated it:

1. Whether the trial court erred in concluding that the Board's denial of Mr. Brennan's parole application was not arbitrary or illegal.

## III. STANDARD OF REVIEW

Prisoners do not have an absolute right to be released from prison prior to the expiration of their sentences. *Hopkins v. Tenn. Bd. of Paroles & Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001). Thus, parole is a privilege and not a right. Tenn. Code Ann. § 40-35-503(b) (2014). "Whether a prisoner should be granted parole is a decision entrusted to the Board, not the courts." *Hopkins*, 60 S.W.3d at 82 (citations omitted).

---

[2] The Board denied Mr. Brennan's request for an appeal on June 28, 2013.

[3] We note that the victim of Mr. Brennan's crimes, his adopted sister, also filed a notice of appeal in this case. Because the issues she presented for appeal are pretermitted by our decision, we will not discuss them in this opinion.

3

"The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals." *Settle v. Tenn. Dept. of Corr.*, 276 S.W.3d 420, 425 (Tenn. Ct. App. 2008). Review under a common-law writ of certiorari is limited to an examination of whether the lower board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. *Id*. This Court, like the trial court, does not review the correctness of the Board's decision, but only considers the manner in which the decision was reached. *Id*. Consequently, our scope of review under a common-law writ of certiorari is very narrow.

## IV. DISCUSSION

Mr. Brennan contends that the Board acted illegally and arbitrarily in denying him parole based solely on the seriousness of the offense when all of the evidence presented at his parole hearing supported his release and the Board gave no other reason for its decision. He points out that, in enacting the statutory scheme that governs sentencing in Tennessee, the General Assembly determined that individuals convicted of the offenses for which he was convicted are eligible for parole after serving a percentage of their sentence.[4] Accordingly, he argues that the Board should be required to provide some support or explanation to indicate that it considered his specific conduct and not just the nature of the statutory offense for which he was convicted.

The Board counters that Tennessee Code Annotated section 40-35-503(b)(2) expressly states that it "shall" deny parole where it finds that "[t]he release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted or promote disrespect for the law." Additionally, the Board points out that the courts have held repeatedly that the Board's consideration of the seriousness of an inmate's offense in making a parole decision does not implicate any constitutional right. *See Arnold v. Tenn. Bd. of Paroles*, 956 S.W.2d 478, 483 (Tenn. 1997) (citing *Kell v. United States Parole Comm'n*, 26 F.3d 1016, 1020 (10th Cir. 1994)); *Hopkins*, 60 S.W.3d at 83; *Robinson v. Traughber*, 13 S.W.3d 361, 363 (Tenn. Ct. App. 1999). Thus, the Board emphasizes that release on parole is a privilege and not a right, *see* Tenn. Code Ann. § 40-28-117(a); Tenn. Code Ann. § 40-35-503(b), and argues that the seriousness of the inmate's offense is a proper basis for denying parole even if it is the only basis for denial.

---

[4] Individuals convicted of certain other offenses are not eligible for parole. Tennessee Code Annotated section 40-35-501(i)(2) provides a list of fifteen offenses for which there is no release eligibility date. Individuals committing one of those enumerated offenses on or after July 1, 1995 must serve 100% of the sentence imposed by the court. Tenn. Code Ann. § 40-35-501(i)(1).

Past cases that have upheld denial of parole based on the seriousness of the offense have concluded that the Board considered facts and circumstances specific to the individual inmate and not just the nature of the offense of which the inmate was convicted. *See Arnold*, 956 S.W.2d at 482-83 (noting that the Board also considered the number of victims and the risk to re-offend); *Harris v. Tenn. Bd. of Prob. & Parole*, No. M2009-01904-COA-R3-CV, 2010 WL 3219491, at *3-4 (Tenn. Ct. App. Aug. 13, 2010) (noting the inmate's prior conviction for parole violation and that the Board's decision was also based on "a substantial risk that he would not conform to the conditions of his release"); *Hopkins*, 60 S.W.3d at 83 (noting the inmate's disciplinary infractions and positive drug screen during his incarceration and that the Board's decision was also based on the adverse effect on institutional discipline); *Robinson*, 13 S.W.3d at 363-64 (noting that the Board heard testimony from two police officers related to the inmate's specific offenses). While we cannot discern from this record that the Board considered facts and circumstances specific to the individual inmate and not just the nature of the offense of which the inmate was convicted, it is not necessary that we address that issue in this case.

Mr. Brennan was sentenced to 20 years in prison with release eligibility after serving 30% of his sentence on April 3, 2009. Accordingly, his original release eligibility date was April 3, 2015. Apparently because of his good behavior, the Board granted Mr. Brennan an early parole hearing in March 2013 to determine whether he should be released after serving only 20% of his sentence. Following the March 2013 hearing, the Board denied Mr. Brennan parole and deferred further parole consideration until March 2018. By March 2018, Mr. Brennan will have served approximately 45% of his 20-year sentence. In our view, the Board's decision to grant Mr. Brennan an early parole hearing and then defer his next parole hearing beyond the time that he should have otherwise received a parole hearing was arbitrary.

The whole concept of parole is based on the theory that people can change over time and that even a convicted felon may be able to live in accordance with the law after serving a percentage of his or her sentence. *Baldwin v. Tenn. Bd. of Paroles*, 125 S.W.3d 429, 434 (Tenn. Ct. App. 2003). Thus, the Board's determination that Mr. Brennan would not be a suitable candidate for parole after serving 20% of his sentence is not conclusive evidence that he would not be a suitable candidate for parole after serving 30% of his sentence. Under the terms of his sentence, Mr. Brennan's release eligibility date was April 3, 2015. The Board was required to conduct a hearing within a reasonable time prior to that date to determine his fitness for parole. *See* Tenn. Code Ann. § 40-35-503(d)(1). The Board cannot deprive Mr. Brennan of a parole hearing that he otherwise would have been eligible to receive by determining that he is not ready to be released two years prior to that time. Thus, the Board should have considered his fitness for release within a reasonable time prior to his original eligibility date on April 3, 2015. Accordingly, because the time when Mr. Brennan should

5

have received a parole hearing has already passed,[5] we hold that he should be granted a new hearing immediately on remand.

In light of our disposition of the foregoing issues in this case, the remaining issues raised by the parties have been pretermitted and we do not find it necessary to discuss them.

## V. CONCLUSION

In light of the foregoing, we vacate the order of the trial court affirming the Board's decision and remand this case to the trial court with instructions that the case be further remanded to the Board for an immediate hearing on Mr. Brennan's application for parole. The costs of this appeal are taxed to the appellee, the Tennessee Board of Parole.

_____
ARNOLD B. GOLDIN, JUDGE

---

[5] Based on 30% of his 20-year sentence, Mr. Brennan should have been granted a parole hearing within a reasonable time prior to April 3, 2015.