IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 20, 2010

**VICTOR DOBBINS**

**v.**

**TENNESSEE DEPARTMENT OF CORRECTION, ET AL.**

**An Appeal from the Chancery Court for Hickman County**
**No. 09-216C      James G. Martin, III, Chancellor**

**No. M2010-00009-COA-R3-CV - Filed October 25, 2010**

This appeal involves a petition for writ of certiorari filed by a prisoner seeking review of a disciplinary conviction. The respondents did not oppose the issuance of the writ, and a certified copy of the record of the disciplinary proceedings was filed with the trial court. The respondents then filed a motion for judgment on the record. After review of the parties' briefs and the administrative record, the trial court granted the respondents' motion for judgment on the record. The petitioner inmate appeals. We affirm, concluding that material evidence supported the conviction, and that the petitioner's constitutional rights were not violated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Victor Dobbins, appellant, *pro se*

Robert E. Cooper, Jr., Attorney General & Reporter; Michael E. Moore, Solicitor General; and David S. Sadlow, Assistant Attorney General, for the appellees, Tennessee Department of Correction, Darrell Murphy, James M. Creecy, Kevin Kupin, James Fortner, and George Little

**FACTS AND PROCEEDINGS BELOW**

Petitioner/Appellant Victor L. Dobbins ("Mr. Dobbins") is an inmate in the custody of the Respondent/Appellee Tennessee Department of Correction ("TDOC"), housed at the Turney Center Industrial Complex. On June 13, 2009, Mr. Dobbins approached Correctional Officer James Creecy ("Officer Creecy") and the two engaged in a discussion. In the course of the discussion, Officer Creecy perceived that Mr. Dobbins was trying to intimidate him. Therefore, he charged Mr. Dobbins with attempting to intimidate a TDOC employee, a Class B disciplinary infraction.[1] Mr. Dobbins was placed in a holding cell until his hearing on the alleged infraction.

On June 16, 2009, Mr. Dobbins appeared before the Turney Center Disciplinary Board ("the Board") and pled not guilty to the alleged disciplinary offense. The Board heard testimony from both Mr. Dobbins and Officer Creecy about the circumstances that gave rise to the disciplinary charge. Mr. Dobbins claimed that he approached Officer Creecy merely to ask him questions about another inmate who wanted to file a racial discrimination lawsuit; he denied that he was attempting to obtain information about an incident involving another TDOC officer. Mr. Dobbins denied that he had any intent to intimidate Officer Creecy. Officer Creecy, however, testified that, in the course of his conversation with Mr. Dobbins, Mr. Dobbins tried to obtain information about an incident between another inmate with the last name of "Dobbins" and a TDOC staff member. Officer Creecy declined to give Mr. Dobbins any information, and he warned Mr. Dobbins that he was soliciting an officer, which is a Class A disciplinary infraction.[2] After this, Mr. Dobbins mentioned to Officer Creecy the racial discrimination lawsuit that he and others intended to file. Officer Creecy testified that Mr. Dobbins did not "mention a [law]suit until I mentioned solicitation." From the sequence of events, Officer Creecy surmised that Mr. Dobbins' comments were intended to intimidate him into divulging information about the other incident.

After examining the evidence and considering the testimony, the Board credited Officer Creecy's version of the events and found Mr. Dobbins guilty of the offense charged. As a result, the Board recommended that Mr. Dobbins be transferred, fined $4.00, and receive a

---

[1] TDOC Policy No. 502.05(VI)(A)(5) (2007) states that it is a disciplinary offense to "attempt[] to compel an employee to perform or fail to perform some action, either by implicit or explicit threat."

[2] TDOC Policy No. 502.05(VI)(A)(66) (2007) states that "Solicitation of Staff (SOS)" is a disciplinary offense defined as asking or seeking "a relationship with institutional or contract employees which extends beyond the normal inmate/employee interaction. This includes, but is not limited to, fraternization, business transactions, social association, romance, or friendship."

written reprimand. On June 30, 2009, Mr. Dobbins appealed the Board's decision to Warden James Fortner, who affirmed it. On July 10, 2009, Mr. Dobbins filed an appeal with Commissioner George Little ("Commissioner"), who affirmed the Warden's decision on July 20, 2009.

On August 24, 2009, Mr. Dobbins filed this petition for common law writ of certiorari, *pro se*, pursuant to Tennessee Code Annotated § 27-9-101 *et seq.* against the TDOC seeking review of his disciplinary conviction. Mr. Dobbins also named as respondents Disciplinary Board Chairman Darrell Murphy, Officer Creecy, Corporal Kevin Kupin, Warden James Fortner, and TDOC Commissioner George Little (collectively, "the TDOC"). In his petition, Mr. Dobbins claimed that the Board acted arbitrarily and illegally in rendering its decision against him, in that the Board relied on the opinion testimony of Officer Creecy, which was not supported by any corroborating evidence. Because the evidence was insufficient, he claimed, his conviction violated TDOC Policy No. 502.01(IV)(I), requiring that the charge be proven by a preponderance of the evidence.

In addition to his evidentiary challenges, Mr. Dobbins alleged that the disciplinary charge was brought against him in retaliation for his attempt to exercise his constitutional rights. He claimed that the Board Chairman, Corporal Darrell Murphy, acted arbitrarily and capriciously by conducting an investigation into the matter before the hearing, which affected his ability to be fair and impartial, in violation of TDOC Policy No. 502.01(II).[3] Mr. Dobbins asserted that his punishment was unconstitutional, because it imposed upon him "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." He also made general allegations that the conduct of the TDOC and its officers deprived him of his constitutional rights to due process, equal protection, and religious and political freedom under the First and Fourteenth Amendments of the federal constitution.

On September 23, 2009, the TDOC filed a notice in the trial court that it did not oppose the granting of the petition for writ of certiorari or the filing of the administrative record. The certified administrative record of Mr. Dobbins' disciplinary proceedings was later filed with the trial court.[4]

---

[3]This section provides that the purpose of the TDOC disciplinary procedures is "[t]o provide for the fair and impartial determination and resolution of all disciplinary charges placed against inmates committed to the [TDOC]." TDOC Policy No. 502.01(II) (2007).

[4]Due to cited "inadvertent error," the administrative record was not filed with the trial court until November 4, 2009, and the trial court did not grant the writ until November 10, 2009.

On October 16, 2009, the TDOC filed a motion for a judgment on the record, asserting that (1) Mr. Dobbins' conviction was supported by a preponderance of the evidence, in particular, by the testimony of Officer Creecy; (2) the administrative record did not support Mr. Dobbins' allegation that the Board acted illegally, fraudulently, or arbitrarily, or that the Board violated TDOC policy by convicting Mr. Dobbins of the infraction; and (3) Mr. Dobbins' due process rights were not violated, either in the manner in which the Board determined that the infraction warranted a conviction, or in the nature of the punishment Mr. Dobbins received.[5]

On December 7, 2009, Mr. Dobbins filed an amended petition for writ of certiorari. He claimed that the TDOC, in its own pleadings, "successfully made out a claim for retaliation for the exercise of a constitutionally protected right." Mr. Dobbins noted that Officer Creecy's report showed that Mr. Dobbins was "attempting to gain information about a staff member," because Mr. Dobbins was "in the process of filing a racial discrimination suit." Thus, Mr. Dobbins argued, the incident report itself demonstrates that he was not attempting to intimidate Officer Creecy and that, instead, Officer Creecy retaliated against him for exercising his protected constitutional right to "[a]sk[ ] questions of a Correctional Officer." Officer Dobbins maintained that "asking questions is very much protected by the 1[st] Amendment to the United States Constitution."

On December 9, 2009, the trial court entered an order granting the TDOC's motion and dismissing Mr. Dobbins' petition for writ of certiorari. The trial court found that the record showed that "Mr. Dobbins did not receive an illegal sentence, as alleged, and further, that the disciplinary board complied with the limited due process rights accorded an inmate such as Mr. Dobbins." Thus, the trial court granted the TDOC's motion for judgment on the record. Mr. Dobbins now appeals.

## ISSUES AND STANDARD OF REVIEW

On appeal, Mr. Dobbins argues that the trial court erred in granting the TDOC a judgment on the record, because the record establishes that the disciplinary charge of attempting to intimidate a TDOC employee was filed against him in retaliation for exercising his constitutionally protected right to free speech. He further claims that the Board exceeded its jurisdiction and acted illegally, arbitrarily, or fraudulently when it convicted him of the charge, because there was no material evidence to support the Board's conclusion. In

---

[5]Mr. Dobbins filed a motion to strike the TDOC's motion for a judgment on the record. The basis of the motion to strike was the fact that the writ had not been granted and the certified administrative record had not been filed in the trial court. This situation was later remedied, because the administrative record was filed on November 4, and the writ was granted on November 10, 2009.

addition, Mr. Dobbins claims that his due process rights were violated throughout the proceedings, and that his sentence was unconstitutional.

"The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards, parole eligibility review boards, and other similar administrative tribunals." *Jackson v. TDOC*, No. W2005-02240-COA-R3-CV, 2006 WL 1547859, at *3 (Tenn. Ct. App. June 8, 2006) (citing *Rhoden v. TDOC*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1988)). The issuance of such a writ is not actually an adjudication of anything, but "[i]t is simply an order to the lower tribunal to file the complete record of its proceedings so the trial court can determine whether the petitioner is entitled to relief." *Keen v. TDOC*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *2 (Tenn. Ct. App. Feb. 25, 2008) (citing *Gore v. TDOC*, 132 S.W.3d 369, 375 (Tenn. Ct. App. 2003); *Hawkins v. TDOC*, 127 S.W.3d 749, 757 (Tenn. Ct. App. 2002); *Hall v. McLesky*, 83 S.W.3d 752, 757 (Tenn. Ct. App. 2001)). Once the writ is granted and the certified record is filed, then the trial court is charged with adjudicating the petition on the merits.

This Court has explained our standard of review in an appeal from the decision of a prison disciplinary board:

> "Review under a writ of certiorari is limited to whether the inferior board or tribunal exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently." *Jackson*, 2006 WL 1547859, at *3 (citing *McCallen v. City of Memphis*, 786 S.W.2d 633, 640 (Tenn. 1990)). "The reviewing court is not empowered 'to inquire into the intrinsic correctness of the board's decision.'" *Gordon v. Tenn. Dep't of Corr.*, No. M2006-01273-COA-R3-CV, 2007 WL 2200277, at *2 (Tenn. Ct. App. July 30, 2007) (quoting *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003)). Our Supreme Court has held that a common-law writ of certiorari may be used to remedy: "(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion." *Gordon*, 2007 WL 2200277, at *2 (citing *Willis*, 113 S.W.3d at 712). The reviewing court does not weigh the evidence, but must uphold the lower tribunal's decision if the lower tribunal "acted within its jurisdiction, did not act illegally or arbitrarily or fraudulently, and if there is any material evidence to support the [tribunal's] findings." *Jackson*, 2006 WL 1547859, at *3 (citing *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276-77 (Tenn. 1980); *Davison v. Carr*, 659 S.W.2d 361, 363 (Tenn. 1983)). "A board's determination is arbitrary and void if it is unsupported by any

-5-

material evidence." ***Gordon***, 2007 WL 2200277, at *2 (citing ***Watts***, 606 S.W.2d 274, 276-77 (Tenn. 1980)). Whether there existed material evidence to support the board's decision is a question of law which should be determined by the reviewing court based on the evidence submitted. ***Id.*** (citing ***Watts***, 606 S.W.2d at 277).

This Court must review a trial court's conclusions of matters of law *de novo* with no presumption of correctness. ***Gordon***, 2007 WL 2200277, at *2 (citing Tenn. R. App. P. 13(d); ***Bowden v. Ward***, 27 S.W.3d 913, 916 (Tenn. 2000)). Because our review of the board's determination "is no broader or more comprehensive than that of the trial court with respect to evidence presented before the [b]oard[,]" *[i]d.* (citing ***Watts***, 606 S.W.2d at 277), this Court "will not 'inquire into the intrinsic correctness of the [b]oard's decision,' but will uphold the decision if it was reached lawfully and in a constitutional manner." ***Id.*** (quoting ***Hopkins v. Tenn. Bd. of Paroles and Prob.***, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001)).

***Ross v. TDOC***, No. W2008-00422-COA-R3-CV, 2008 WL 4756873, at *2-3 (Tenn. Ct. App. Oct. 30, 2008). Thus, on appeal, we are not permitted to inquire into the correctness of the Board's decision; rather, we determine only whether it acted "illegally or arbitrarily or fraudulently" in convicting Mr. Dobbins of the disciplinary charge of attempting to intimidate an officer of the TDOC.

## ANALYSIS

### Retaliation

Mr. Dobbins first argues that the trial court erred in holding in favor of the TDOC because he had a right under the First Amendment of the United States Constitution to request information from a TDOC officer without fear of the officer retaliating by filing a disciplinary charge against him. In support, Mr. Dobbins cites to the disciplinary charge itself, which reads in part:

[Mr. Dobbins] did approach myself [Officer] Creecy and was trying to gain information about a staff member. After I did tell [Mr. Dobbins] that this was solicitation of staff, he then mentioned that himself and some other [inmates] were in the process of filing a racial discrimination suit with the TDOC Commissioner. As a result of this I [Officer] Creecy am charging [Mr. Dobbins] with attempt to intimidate an employee.

(Emphasis added). Mr. Dobbins claims that the above-quoted portion of this report shows that Officer Creecy retaliated against him for engaging in a constitutionally protected activity – voicing a racial discrimination complaint. Therefore, he argues, we should overturn his conviction on the disciplinary charge.

An inmate who alleges that he was subjected to retaliation based on the exercise of a First Amendment right must establish the following elements to support his claim:

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*).[6] The first of the enumerated elements is that the inmate was engaged in "protected conduct," that is, conduct that is constitutionally protected. "Absent protected conduct, plaintiffs cannot establish a constitutional violation." *Id.* at 395.

As he argued to the trial court, Mr. Dobbins claims that he was exercising his right to free speech under the First Amendment of the United States Constitution by approaching Officer Creecy to ask questions in an effort to assist his fellow inmates about the racial discrimination cases they had filed. However, "First Amendment rights, like many other rights, are circumscribed in the prison setting." *Id.* at 390. This Court has explained:

> Lawful incarceration brings about the necessary withdrawals or limitations of many privileges and rights. A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Challenges to restrictions on those rights must be analyzed in terms of the legitimate policies and goals of the penal system.

---

[6]Mr. Dobbins cites *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988), in support of his position. That case, however, was abrogated by the holding in *Blatter*. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 387-88 (6th Cir. 1999) (*en banc*). In addition, *Cale* is factually distinguishable, because the correctional officer in *Cale* allegedly instructed another inmate to plant narcotics on the petitioner in retaliation for complaints made by that inmate about the prison food. *Cale*, 861 F.2d at 944-45. No such overt retaliatory conduct is alleged in the instant case.

***Dean v. Campbell***, No. C.A. 02-A-01970-CV-00077, 1997 WL 401960, at \*2 (Tenn. Ct. App. July 17, 1997) (citing ***Pell v. Procunier***, 417 U.S. 817 (1974)).

We need not decide whether, in general, Mr. Dobbins had a constitutionally protected right to "ask questions" of Officer Creecy about a racial discrimination lawsuit. Assuming for purposes of this appeal that he had such a right, the evidence shows that Mr. Dobbins was not merely "asking questions" of Officer Creecy; rather, he was seeking information about an incident between a TDOC staff member and another inmate. Officer Creecy testified that Mr. Dobbins referenced the racial discrimination lawsuit only *after* Officer Creecy pointed out to Mr. Dobbins that he was soliciting an officer. At that point, he reported, Mr. Dobbins referenced the discrimination lawsuit in order to intimidate Officer Creecy into providing the requested information.[7] This conduct is not constitutionally protected. Therefore, Mr. Dobbins cannot establish the first element of his retaliation claim, and his argument must fail.

### Material Evidence to Support the Disciplinary Conviction

Mr. Dobbins further argues that the Board acted arbitrarily, because his conviction was not based on a preponderance of the evidence; therefore, he claims, his due process rights were violated. As we have stated, we do not reweigh the evidence at this juncture. Rather, on appeal, we must uphold the Board's decision if it was supported by any material evidence. ***See Gordon v. TDOC***, No. M2006-01273-COA-R3-CV, 2007 WL 2200277, at \*2 (Tenn. Ct. App. July 30, 2007). We review the record *de novo* to determine whether it contains any material evidence to support the Board's decision. ***See Watts v. Civil Serv. Bd. of Columbia***, 606 S.W.2d 274, 277 (Tenn. 1980).

TDOC Policy No. 502.01(IV)(I) requires that the case on a disciplinary charge against an inmate must be proven by a preponderance of the evidence. Such proof is "[t]he degree of proof which best accords with reason and probability and is more probable than not." TDOC Policy No. 502.01(IV)(I) (2007). Here, the evidence upon which Mr. Dobbins' disciplinary conviction was based was the testimony of the charging officer, Officer Creecy. Mr. Dobbins testified on his own behalf, claiming that he did not intend to intimidate Officer Creecy. He was afforded an opportunity to call witnesses to support his case, but he declined to do so.

As we have indicated, on appeal, this Court is not permitted to examine the correctness of the Board's decision. It is the function of the prison disciplinary board in the first instance to evaluate the credibility of the witnesses who testify at the hearing. ***State v. Brazelton***, No.

---

[7]For the same reason, we reject any claim that Mr. Dobbins was exercising his "right to petition the Government for redress of grievances" in making the comments to Officer Creecy.

M1999-02477-CCA-R3-CD, 2000 WL 1717560, at *3 (Tenn. Crim. App. 2000) (citing *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990)). A court reviewing such a decision must defer to the Board's determinations on the witnesses' credibility. *Id.*

In this case, the sum total of the evidence is the contradictory testimony of the charging officer and the inmate who was charged, and the Board chose to credit the testimony of the charging officer. We respectfully disagree with Mr. Dobbins' argument that the language in Officer Creecy's report does not support the charge of attempting to intimidate. Officer Creecy stated clearly that only after he informed Mr. Dobbins that he was soliciting an officer did Mr. Dobbins raise the subject of a racial discrimination lawsuit. The Board could infer from this sequence of events that Mr. Dobbins was attempting to intimidate Officer Creecy. Therefore, given our standard of review, we are compelled to conclude that the testimony of the charging officer constitutes material evidence to support the conviction of the administrative charge.

## Due Process

Finally, Mr. Dobbins alleges that his due process rights were violated because the sentence imposed by the Board was atypical in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). He also claims that he did not receive procedural due process at his disciplinary hearing, arguing that it was improper for Corporal Murphy to preside over the disciplinary hearing because he investigated the matter prior to the hearing.

The United States Supreme Court has explained that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such a proceeding does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). The minimum due process requirements that must be met when a decision of an inmate disciplinary board affects an inmate's constitutionally protected interests are: (1) notice of charges; (2) opportunity to be heard; and (3) a written statement by the fact-finders as to the evidence relied upon and reasons for the disciplinary action. *Id.* at 563-69. "Minor deviations" from the TDOC policies and procedures do not require the dismissal of the offense based on due process grounds; any departure from the TDOC rules must effectively deny Mr. Dobbins a fair hearing. *Jeffries v. TDOC*, 108 S.W.3d 862, 873 (Tenn. Ct. App. 2002).

In this case, the Board imposed the following sanctions on Mr. Dobbins for his conviction: $4.00 fine, a written reprimand, and a recommended transfer. This punishment in no way violates Mr. Dobbins' due process rights, as it is not atypical in relation to the ordinary incidents of prison life. *See Willis v. TDOC*, 113 S.W.3d 706, 712 (Tenn. 2003) (holding

that the imposition of a $5.00 fine is *de minimus* and does not trigger any due process protections).

Mr. Dobbins also argues that his due process rights were violated by the participation of Corporal Murphy in the investigation of the case, as he was a member of the Board that convicted him. It is undisputed that Corporal Murphy sat as the Board chairman in this disciplinary matter. However, the record contains no indication, other than Mr. Dobbins' assertion, that Corporal Murphy was involved in any pre-hearing investigation. Therefore, even if Corporal Murphy's involvement in such an investigation would have been improper, Mr. Dobbins' allegation is not supported in the record before this Court.

We note that it is undisputed that Mr. Dobbins received notice of the disciplinary charge, that he received a hearing at which he was given the opportunity to be heard and present witnesses, and that a written statement was issued indicating that the Board relied on the testimony of Officer Creecy in finding him guilty of the charge of attempting to intimidate a TDOC officer. Considering the appellate record as a whole, we must conclude that Mr. Dobbins was afforded all of the process he was due.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Victor Dobbins, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE