# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
### Assigned on Briefs December 09, 2013

## QUI PHAM v. TENNESSEE BOARD OF PROBATION AND PAROLE, ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 121138III Ellen Hobbs Lyle, Chancellor

### No. M2013-00955-COA-R3-CV - Filed April 15, 2014

Inmate filed petition for writ of certiorari seeking review of decisions of the Board of Parole denying him parole and setting a two year period for his next consideration. Trial court dismissed petition; finding no error, we affirm the decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M. S., P. J., and FRANK G. CLEMENT, J., joined.

Qui Pham, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Bill Young, Solicitor General; and Jennifer L. Brenner, Senior Counsel; Nashville, Tennessee, for the appellee, Tennessee Board of Probation and Parole, and Ronnie Cole, Board Member.

## MEMORANDUM OPINION[1]

  Petitioner, Qui Pham, an inmate of the Tennessee Department of Corrections, filed a petition for writ of certiorari on August 3, 2012, seeking review of the decisions of the Board of Probations and Parole to deny him parole and to defer further consideration for parole for a period of two years. The writ issued, and the administrative record was filed

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

with the court on November 28, 2012. The parties having duly filed briefs, on April 1, 2013, the court entered a memorandum and order dismissing the petition. Mr. Pham appeals, contending that the Board exceeded its jurisdiction and acted arbitrarily when it deferred his next consideration for parole for two years and that the Board erred in denying him parole.

Mr. Pham argues that Tenn. Code Ann. § 40-28-104(a)(3) and (11)[2] require the Board to review parole decisions annually. Those statutes, however, do not apply to the consideration for parole; rather, they address the powers and duties of the Board and require an annual review and reevaluation of guidelines for granting and denying parole and long range plans and objectives. There is no statute or regulation mandating a particular period of time between reviews of parole applications; the seminal case discussing the issue of the reasonableness of the time period between the denial of parole and a prisoner's eligibility for reconsideration is *Baldwin v. Tenn. Bd. of Paroles*, 125 S.W.3d 429 (Tenn. Ct. App. 2003). In *Baldwin*, we held that a deferral of twenty years before reconsideration "constitutes an arbitrary withdrawal of the power to parole from future Board members, and . . . would undermine the very provisions of the parole statutes that empower the Board to grant parole." *Id.* at 434. Without specifying a particular number of years between hearings, we held that the Board should schedule such hearings in such a way as would give it the opportunity "to re-evaluate its own decisions." *Id.* The decision to reevaluate Mr. Pham's eligibility for parole in two years did not violate the law and was not arbitrary.

Mr. Pham also contends that the Board erred to the extent it denied him parole due to the seriousness of the offense because the seriousness of the offense "was taken into consideration during the actual criminal prosecution proceedings." As noted in *Robinson v. Traughber*, however, "seriousness of offense is a valid ground for denying parole in Tennessee." *Robinson v. Traughber*, 13 S.W.3d 361, 363 (Tenn. Ct. App. 1999) (citing *Arnold v. Bd. of Paroles,* 956 S.W.2d 478 (Tenn.1997)). The fact that Mr. Pham's original

---

[2] Tenn. Code Ann. § 40-28-104 (a)(3) & (11) state:

(a) The board is hereby vested and charged with those powers and duties necessary and proper to enable it to fully and effectively carry out this chapter, including, but not limited to:
* * *
(3) The authority to develop and implement guidelines for granting or denying parole, which guidelines shall be reviewed and reevaluated by the board at least annually and copies of the guidelines shall be provided to the governor, the commissioner of correction and the appropriate standing committees of the general assembly;
* * *
(11) The duty to adopt written long-range goals and objectives. The goals and objectives shall be reaffirmed or changed, as appropriate, by the board at least once each year;

sentence was based on the crimes he committed has no bearing on his eligibility for parole, which is a wholly separate procedure from prosecution for the offense. When the Board considers appropriate and valid factors in determining whether an inmate is eligible for parole the Board does not, as Mr. Pham argues, "subject him to the initial criminal process all over again."

Lastly, Mr. Pham contends that Board member Cole "allowed his personal feelings/influence and thought [to] come into play at different stages of the hearing." Mr. Pham specifically cites a comment made by Mr. Cole that he "ha[s] an issue with people who take automatic weapons and fire at our law enforcement personnel" and a comment made in response to one made by Mr. Pham's wife. Considering the comments in the context of the hearing, we do not agree that either was in any way improper or prejudicial.

Mr. Pham was sentenced to seven 15-year sentences for attempted first degree murder, arising out of a high speed chase and shoot out with police. Mr. Cole's quoted comment, taken in context, reflected that this was a serious offense and was the basis of Mr. Cole's decision to deny parole; as held earlier, seriousness of the offense is not an inappropriate consideration for denying parole in Tennessee. *Robinson*, 13 S.W.3d at 363.

Mr. Cole's other statement cited by Mr. Pham was in response to Ms. Pham's presentation wherein she stated: "You guys [the Board] sit here, and you let lessers go. You let murderers go. You let rapists go during the sentence that he's doing at five years." Mr. Cole responded:

> Thank you. Ma'am. Just a comment - - an observation, and then I'm going to move on past this. A comment she made about us releasing other inmates. We do, in fact - - when you serve on a parole board, you have to believe in the concept of parole. If not, people such as myself would never serve on these. We have to believe that there is a point in time for . . . rehabilitation . . . and then these people need to move out and move forward to give them the opportunity.

We find no impropriety in Mr. Cole's response.

For the foregoing reasons, the judgment dismissing the petition for certiorari review is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE